IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATILDA RADCLIFF, | ) | CASE NO. 1:05 CV 2723 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| METROPOLITAN PROPERTY and, | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |

This matter is before the Court on Defendant's Motion for Summary Judgment (Document #17). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, Metropolitan Property and Casualty Insurance Company, has petitioned the Court for summary judgment on Plaintiff's Complaint. Plaintiff claims that she is entitled to coverage under an insurance policy for injuries sustained in an automobile accident. The Policy provided liability, uninsured motorist, medical expense and other coverages.

Prior to the commencement of litigation, Economy Premier Assurance Company paid $2,486.08 under the medical expense coverage of the Policy, relative to Plaintiff's injuries. During her deposition, Plaintiff stated that she is unaware of any medical expenses submitted on

her behalf that have not been paid by Defendant. However, attached to her Memorandum in Opposition, Plaintiff includes a calculation that shows a difference of $250.92 between Plaintiff's medical bills and the amounts actually paid by Defendant. Defendant asserts that it was able to negotiate with the medical service providers, that the payments made fully satisfy the amounts owed and, that payments were made in full satisfaction of all medical bills submitted by Plaintiff. Further, Defendant asserts that Plaintiff is not entitled to any additional coverage under the Policy.

For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## FACTS[1]

On August 23, 2002, Plaintiff was riding as a passenger in an automobile owned and being driven by Eugene Radcliff when the vehicle struck a pole at a railroad crossing causing Plaintiff injury.[2] (Complaint at ¶ 2.) Plaintiff was asleep at the time and does not know what caused the accident. (Docket # 17 at p.3, citing Deposition of Plaintiff at pp. 61-62; 68-69.) The accident was not caused by physical contact with another vehicle. (Docket #17 at p. 3, citing Plaintiff's Responses to Defendant's Request for Admissions, #16.) In his statement to police,

---

[1] The factual summary is based upon the Parties' statements of fact. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

[2] Eugene Radcliff passed away on June 4, 2004. (Docket #17 at p. 3.) Plaintiff had lived with Eugene Radcliff continuously from 1982 until his death on June 4, 2004. (*Id.*, citing Deposition of Plaintiff at p. 8.) She considered she and Mr. Radcliff to have a common law marriage, and they filed joint tax returns. (*Id.*, citing Deposition of Plaintiff at pp. 20, 23-28, 31.)

Mr. Radcliff stated that he swerved to avoid another vehicle. (Docket #23.) However, a witness to the accident stated that he did not see another vehicle. (*Id.*) Neither Plaintiff, nor anyone else, ever filed any lawsuit against Eugene Radcliff in connection with the August 23, 2002 accident. (Docket #17 at p.3, citing Deposition of Plaintiff at pp. 72-73.)

The vehicle driven by Mr. Radcliff at the time of the accident was insured under an insurance policy issued by Economy Premier Assurance Company ("Economy"), Policy No. 2962289440 ("the Policy"). Economy is an affiliate of Metropolitan Property and Casualty Insurance Company. Plaintiff's medical bills were submitted to Metropolitan Property and Casualty Insurance Company for payment after the accident. (*Id.*, citing Deposition of Plaintiff at p. 76.) According to her deposition, Plaintiff is not aware of any bills that were submitted to Metropolitan but not paid, nor is she aware of any medical expenses which remain unpaid. (*Id.*, citing Deposition of Plaintiff at pp. 77, 80.)

On October 21, 2005, Plaintiff, filed a Complaint in the Crawford County, Ohio, Court of Common Pleas. Case, No. 05-CV-434, seeking payment for damages under the Policy. The case was removed by Defendant to this Court on November 21, 2005. Plaintiff seeks contract damages of $105,000, as well as punitive damages for Defendant's alleged bad faith refusal to pay her claim.

On September 13, 2006, Defendant filed its Motion for Summary Judgment. (Docket #17.) Defendant argues that it is not a proper party to this lawsuit because the insurance policy in question was issued by Economy Premier Assurance Company; that Plaintiff is not entitled to any liability coverage under the policy; that Plaintiff is not afforded any uninsured motorist coverage pursuant to the terms of the insurance policy and R.C. § 3937.18; that Plaintiff's bad

-3-

faith claims fail as a matter of law; and, that Defendant has satisfied all requirements of the insurance policy, including payment of all medical bills incurred and related to the accident.

On October 16, 2006, Plaintiff filed her Response to Defendant's Motion for Summary Judgment. (Docket #22.) Plaintiff argues that Metropolitan Property and Casualty Insurance Company is the proper defendant in this case; that Plaintiff was not related to Eugene Radcliff by marriage and, therefore, her claim for liability coverage is not excluded; and, that she is entitled to uninsured motorist coverage. (*Id.* at pp. 1-3.) In support of her claim for uninsured motorist coverage, Plaintiff cites the police report which relates that Eugene Radcliff stated to police that he swerved to avoid another vehicle causing the accident. (*Id.* at pp. 3-6.) Further, Plaintiff states that she and Mr. Radcliff were not married and the vehicle in which she was riding at the time of the accident was not regularly furnished or available for Plaintiff's use. (*Id.*) Plaintiff reiterates her bad faith claim, arguing that Defendant had information proving Plaintiff had either a valid uninsured motorist claim, or a liability claim, failed to investigate, and simply denied coverage. (*Id.* at p. 7.) Finally, Plaintiff states that Defendant has not yet paid for all of Plaintiff's medical expenses.[3] (*Id.* at p. 8.)

On October 25, 2006, Defendant filed its Reply Brief in Support of its Motion for Summary Judgment. (Docket #24.) Defendant attacks several of the documents used as evidence by Plaintiff, arguing that the documents are inadmissible hearsay. (*Id.* at pp. 1-3.) Defendant reiterates the assertion that it is not a proper party to the lawsuit because the insurance

---

[3] Plaintiff attaches the affidavit of Heather Mauritz, a paralegal employed by Plaintiff's attorneys, in which Ms. Mauritz states that she has added all of Plaintiff's medical bills, subtracted all payments, and that $250.92 remains unpaid by Defendant. (Docket #22, Exhibit 6.)

-4-

policy was issued by Economy Premier Assurance Company. (*Id.* at pp. 3-5.) Further, Defendant restates its position that Plaintiff is not entitled to liability coverage, nor is she entitled to uninsured motorist coverage, under the Policy. (*Id.* at pp. 5-15.) Finally, Defendant states that it did not act in bad faith and has paid all of Plaintiff's medical bills resulting from the accident. (*Id.* at pp. 15-17.) Defendant asserts that it negotiated with Plaintiff's medical providers to pay less than the billed amount in full satisfaction of Plaintiff's medical bills.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d

-5-

937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

-7-

## DISCUSSION

This Court has reviewed all of the pleadings and filings of the Parties, as well as the Exhibits thereto, and based on said review finds that Defendant is entitled to summary judgment as a matter of law. Plaintiff is not entitled to liability coverage under the Policy, nor is she entitled to uninsured motorists coverage.[4] Further, there is no evidence that Defendant has failed to pay Plaintiff's medical expenses resulting from the accident.

### A.  Liability Coverage.

The Policy provides liability coverage as follows:

COVERAGE PROVIDED

We will pay for **bodily injury** and **property damage** to others for which the law holds an **insured** responsible because of an accident which results from the ownership, maintenance or use of a **covered automobile, a non-owned automobile** or a **trailer** while being used with a **covered automobile** or **non-owned automobile**. We will defend the **insured**, at **our** expense with attorneys of our choice, against any suit or claim seeking these damages. **We** may investigate, negotiate or settle any such suit or claim.

(Policy, Form MPL 6010-000, page 3 of 24.)

Plaintiff is not entitled to liability coverage under the Policy. The liability coverage, as written, provides indemnification and a defense for the insured for claims or suits made against the insured resulting from an accident. The Policy includes "relatives" under the definition of insured. However, regardless of whether Plaintiff can be deemed a relative of Eugene Radcliff

---

[4]

Defendant argues that Economy Premier Insurance Company, its affiliate, should have been named as Defendant in this lawsuit because Economy issued the Policy. Regardless, the Court finds that Plaintiff's claims for additional payment under the Policy fail as a matter of law. Further, the question of whether or not Plaintiff and Eugene Radcliff were "married" for purposes of the Policy is immaterial and has no bearing on the fact that Plaintiff is not entitled to additional payment under the Policy.

based upon their lengthy relationship, neither Plaintiff, nor any other person has made a claim or brought suit against Eugene Radcliff, the insured and the driver of the vehicle, as a result of the accident. Therefore, Plaintiff is not entitled to liability coverage.

### B. Uninsured Motorist Coverage.

Likewise, Plaintiff is not entitled to uninsured motorist coverage under the Policy. The Policy provides a detailed definition for "uninsured motor vehicle." *(See* Policy at Form MPL 6010-000, pp. 9-19 of 24.) The Policy excludes "a covered automobile" from the definition of uninsured motor vehicle. The vehicle involved in the accident, driven by Eugene Radcliff, was a covered automobile. Therefore, it cannot be an uninsured motor vehicle under the Policy. Further, the claim that an unidentified vehicle caused Eugene Radcliff to swerve, and therefore Plaintiff is entitled to uninsured motorist coverage, also fails. The only reference to the alleged unidentified vehicle is Eugene Radcliff's statement, set forth in the Ohio Traffic Crash Report of the accident, that he swerved to avoid an oncoming vehicle. (Docket #23, at p. 4.) However, the Report also includes the statement of a witness to the accident that he did not see any other vehicles in the area at the time of the crash. (*Id.*)

Even if the Traffic Crash Report did not contain hearsay evidence and could properly be considered by the Court, Plaintiff's unsubstantiated claim that another vehicle was involved in the accident cannot save her from summary judgment. In *Girgis v. State Farm Mutual Auto Ins. Co.*, 75 Ohio St. 3d 302, 662 N.E. 2d 280 (1996), the Ohio Supreme Court set forth the "corroborative evidence test," stating the following:

> The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident.

*Id.* at 305-07, 282-84. *See also Connell v. United Services Auto Assn.*, 2004 Ohio 2726 (2nd Dist. Ct. App 2004.

There is simply no evidence to corroborate the assertion that an unidentified vehicle was a proximate cause of the accident. The Traffic Crash Report sets forth the insured's statement that he swerved to avoid an oncoming vehicle, but a separate witness states that he did not see another vehicle in the area. Plaintiff was asleep at the time of the accident and has no knowledge or information regarding such a vehicle. There is no other evidence before this Court to support Plaintiff's contention that an unidentified vehicle was involved in the accident. Therefore, Plaintiff's claim for uninsured motorist coverage, as it relates to the notion that an unidentified second car was involved in the accident, cannot withstand summary judgment.

### C.  Bad Faith Claim/Payment for Medical Expenses.

No evidence has been presented to the Court to support Plaintiff's bad faith claim. Defendant and/or economy provided payment for Plaintiff's medical expenses under the medical expense coverage provision of the Policy. Plaintiff was not entitled to liability or uninsured motorist coverage under the policy.

In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff alleges that $250.92 of her medical expenses have not been paid by Defendant.[5] The amount alleged to be

---

[5]

Plaintiff incorrectly states that Defendant has moved for partial summary judgment. Defendant has moved for summary judgment as to Plaintiff's entire Complaint.

outstanding was computed by Heather Mauritz, a paralegal working for Plaintiff's attorneys. Ms. Mauritz submitted an affidavit in which she states that she "personally reviewed all of Matilda Radcliff's medical records and bills" associated with the accident and "reviewed all of the checks issued by MetLife in payment of these medical expenses." Ms. Mauritz calculated the difference between Plaintiff's medical bills and the amount paid by Defendant to be $250.92. However, during her deposition, Plaintiff stated that she does not know of any medical expenses submitted to Defendant that were not paid, nor does she know of any medical bills or expenses that remain unpaid. The only medical expense Plaintiff was able to identify as being not paid, or that she was not reimbursed for, was $100 that Plaintiff stated that she paid personally to begin her physical therapy. Following her deposition, Defendant sent Plaintiff a check for $100 as reimbursement.

Again, even if the Affidavit and letters submitted by Plaintiff as evidence were properly before this Court for review, there is no evidence to support Plaintiff's claims. Plaintiff has presented no evidence to this Court that medical providers are seeking additional payment from her for services. In fact, Plaintiff stated that she was not aware of any outstanding, unpaid medical expenses. $2,486.08 was paid to medical providers under the medical expense coverage of the Policy. The mere fact that there is a difference between the amount paid by Defendants to the medical providers and the initial bills presented to Defendant for payment does not establish that the bills were not fully satisfied. As stated by Defendant, the only thing the calculation proves is that Defendant paid less than the amount originally due. Defendant states that it has been able to negotiate down some of the submitted medical expenses, resulting the differences noted in Ms. Mauritz's Affidavit. With no additional evidence that medical providers are still seeking payment from Plaintiff or Defendant for services provided relative to the accident, there

is no basis upon which Plaintiff's claim can withstand summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Document #17) is GRANTED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *November 30, 2006*